UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENE EVANS HUNT, | CASE NO. C17-0612-JCC |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| RENTON MUNICIPAL COURT, *et al.*, | |
| Respondents. | |

This matter comes before the Court on Petitioner Rene Evans Hunt's objections (Dkt. No. 5) to the report and recommendation (Dkt. No. 4) issued by the Honorable James P. Donohue, United States Magistrate Judge. Having reviewed Judge Donohue's report and recommendation, Petitioner's objections, and the relevant record, the Court OVERRULES Petitioner's objections and ADOPTS the report and recommendation for the reasons set forth herein.

## I. BACKGROUND

On April 18, 2017, Petitioner, acting *pro se*, filed a habeas petition under 28 U.S.C. § 2254, challenging his theft convictions in Renton Municipal Court. (Dkt. No. 1.) Petitioner argues that he received ineffective assistance of counsel and that the court committed a sentencing error. (*See id.*) However, he filed no formal petitions, motions, or appeals with the state court. (*See id.* at 2–11.)

After reviewing the habeas petition, Judge Donohue recommended it be dismissed

without prejudice. (Dkt. No. 4 at 2.) Judge Donohue found that, because Petitioner did not appeal or challenge his conviction in state court, he had not exhausted his state court remedies. (*Id.*) In the absence of such exhaustion, the Court does not have the authority to consider the petition. (*Id.*) Judge Donohue further recommended that a certificate of appealability should not issue. (*Id.*)

Petitioner objected to Judge Donohue's recommendations. (Dkt. No. 5.) Petitioner acknowledged that he had not exhausted his state court remedies. (*See id.* at 1–3.) Instead, his objections primarily pertained to the merits of his § 2254 petition. (*Id.*)

## II.    DISCUSSION

### A.    Standard of Review

A district judge reviews objections to a magistrate judge's report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

### B.    Petitioner Did Not Exhaust His State Court Remedies

Section 2254 of The Antiterrorism and Effective Death Penalty Act (AEDPA) lays out when the federal court has jurisdiction—*i.e.*, authority—over a habeas petition based on a state judgment. 28 U.S.C. § 2254. AEDPA requires that a state prisoner must have exhausted all remedies available in state court before a federal court may consider his or her claim. 28 U.S.C. § 2254(b)(1)(A). This Court is bound by AEDPA.

Petitioners have exhausted all remedies when they have brought their "claim in each appropriate state court." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In Washington, a prisoner may appeal his or her judgment and sentence by filing a personal restraint petition (PRP) with the Court of Appeals. Wash. R. App. P. 16.5. The decision of the Court of Appeals is then subject to review by the Washington Supreme Court. Wash. R. App. P. 16.14(c).  PRPs that collaterally attack the judgment and sentencing must be brought within one year of the judgment

becoming final. Wash. Rev. Code § 10.73.090.

Here, Petitioner admits he has not filed any formal appeals in state court. (Dkt. No. 5 at 1–3.) Therefore, he has not exhausted his state court remedies. Consequently, Petitioner's claims are not eligible for review in federal court. While the Court is sympathetic to Petitioner's plight, without exhaustion of the state remedies, this Court is unable to review his claims.

### C.     Petitioner May Not Appeal This Decision

A district court's final order in a habeas proceeding may not be appealed unless a judge issues a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(3). A judge may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is denied on procedural grounds, such as this one, a COA may be issued only if two criteria are met. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). First, a petitioner must have shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.* Second, a petitioner must show that there could be reasonable debate that the district court erred in its procedural ruling. *Id.* Because both criteria must be met, where a case is dismissed based on a clear procedural issue, no appeal would be warranted, and no COA may be issued. *Id.*

Here the dismissal of Petitioner's claim is solely procedural. Because the procedural bar is readily evident, the Court does not need to examine the merits of the case. Consequently, the Court does not grant a certificate of appealability.

### III.     CONCLUSION

For the reasons explained herein, the Court OVERRULES Petitioner's objections (Dkt. No. 5) and ADOPTS the report and recommendation (Dkt. No. 4). The petition (Dkt. No. 1) is DISMISSED without prejudice. Petitioner's *in forma pauperis* application (Dkt. No. 3) is STRICKEN as moot. The Clerk is DIRECTED to close this case.

//

//

DATED this 29th day of June, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE